UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENTELL SIMMONS** | **CIVIL ACTION** |
| **versus** | **NO. 15-2298** |
| **TIM MORGAN, WARDEN** | **SECTION: "A"(3)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Kentell Simmons, is a state prisoner incarcerated at the Winn Correctional Center in Winnfield, Louisiana. On August 19, 2010, was indicted for the offense of second degree murder.[1] On August 21, 2012, he pleaded guilty to the lesser offense of manslaughter and was

---

[1] State Rec., Vol. I of II, indictment.

sentenced to a term of forty years imprisonment without benefit of parole, probation, or suspension of sentence.[2]

On or about April 13, 2013, petitioner filed an application for post-conviction relief with the state district court.[3] That application was denied,[4] as was the writ application he filed with the Louisiana Fifth Circuit Court of Appeal.[5] The Louisiana Supreme Court then granted in part and denied in part his related writ application, amending his sentence to delete the restriction on parole.[6]

Petitioner next filed a "Motion to Amend and Modify Sentence" with the state district court.[7] That motion was denied on June 22, 2015.[8]

On or about June 18, 2015, petitioner filed the instant federal *habeas corpus* application.[9] The state concedes that the application is timely and that petitioner has exhausted his remedies in the state courts.[10]

---

[2] State Rec., Vol. I of II, minute entry dated August 21, 2012; State Rec., Vol. I of II, guilty plea form.

[3] State Rec., Vol. I of II.

[4] State Rec., Vol. I of II, Order dated January 6, 2014.

[5] Simmons v. Keith, No. 14-KH-288 (La. App. 5th Cir. May 28, 2014); State Rec., Vol. I of II.

[6] State *ex rel.* Simmons v. State, No. 2014-KH-1333, 2015 WL 3421606 (La. May 15, 2015); State Rec., Vol. I of II.

[7] State Rec., Vol. I of II.

[8] State Rec., Vol. I of II, Order dated June 22, 2015.

[9] Rec. Doc. 4.

[10] Rec. Doc. 10, p. 3.

Defective Indictment/Ineffective Assistance of Counsel/Insufficient Evidence

In his first claim, petitioner argues that his guilty plea violates due process because the indictment was defective. Specifically, he contends that the indictment was defective because it charged him with the crime of second degree murder, whereas the circumstances of the case would support only a lesser charge of manslaughter. In his second claim, he argues that his counsel was ineffective for failing to challenge the indictment on that basis. In his third claim, petitioner argues that the evidence was further insufficient to support even his ultimate conviction of manslaughter because his identification as the perpetrator was unreliable.

In the post-conviction proceedings, the state district court denied these claims, holding:

> The court denies claims #1, #2 and #3, as a plea of guilty normally waives all non-jurisdictional defects in the proceedings prior to the plea. State v. Crosby, 338 So.2d 584, 586 (La. 1976). It is well settled that a validly entered guilty plea waives any right a defendant might have had to question the merits of the state's case and the factual basis underlying that conviction. State v. Lemon, 923 So.2d 794, (La. App. 5 Cir. 2/14/06). (citing State v. Bourgeois, 406 So.2d 550, 552 (La. 1981); State v. Lewis, 01-490 (La. App. 5 Cir. 10/30/01), 800 So.2d 1032, 1035.)
> ....
> As the State surmises in its response, petitioner is precluded from raising claims concerning whether the indictment was supported by the evidence, or whether a witness was reliable, as the Supreme Court has ruled that when a petitioner pleads guilty, he may not assert claims relating to events prior to entering the guilty plea. The Supreme Court has recognized:
>
>> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of

- 3 -

> his guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann.
>
> Tollett v. Henderson, 411 U.S. 258, 267 (1973), citing McMann v. Richardson, 397 U.S. 759, 771 (1970).[11]

The Louisiana Fifth Circuit Court of Appeal then similarly denied relief, holding:

> In his pro se writ application, relator seeks review of the trial court's January 13, 2014 order denying his application for post-conviction relief. In that order, the trial court indicated that on August 21, 2012, relator pled guilty to one count of manslaughter, in violation of La. R.S. 14:31 and was sentenced to forty years imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence. Our review of the showing made fails to show error in the trial court's ruling. A guilty plea normally waives all non-jurisdictional defects in the proceedings prior to the entry of the guilty plea. State v. King, 99-1348 (La. App. 5 Cir. 5/17/00), 761 So.2d 791, 793, writ denied, 00-1824 (La. 6/29/01), 794 So.2d 822. Further, a validly entered guilty plea waives any right a defendant might have to question the merits of the state's case and the factual basis underlying the conviction. State v. Lemon, 05-567 (La. App. 5 Cir. 2/14/06), 923 So.2d 794. Once a defendant is sentenced, only those guilty plea that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil, 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. Therefore, we find no error in the trial court's denial of relator's application for post-conviction relief.[12]

Without additional reasons assigned, these claims were likewise rejected by the Louisiana Supreme Court.[13]

---

[11] State Rec., Vol. I of II, Order dated January 6, 2014.

[12] Simmons v. Keith, No. 14-KH-288 (La. App. 5th Cir. May 28, 2014); State Rec., Vol. I of II.

[13] State ex rel. Simmons v. State, No. 2014-KH-1333, 2015 WL 3421606 (La. May 15, 2015); State Rec., Vol. I of II.

As the state courts correctly held, a plea of guilty normally waives non-jurisdictional defects in the proceeding prior to the entry of the plea. See, e.g., United States v. Owens, 996 F.2d 59, 60 (5th Cir. 1993) ("By pleading guilty to an offense, ... a criminal defendant waives all non-jurisdictional defects preceding the plea."). This rule encompasses purported defects in an indictment. See, e.g., United States v. Williams, 577 Fed. App'x 379, 380 (5th Cir. 2014); United States v. Templet, 431 Fed. App'x 270, 271 (5th Cir. 2011). The rule likewise encompasses any challenge to the sufficiency of the state's evidence. See, e.g., Cornett v. Johnson, No. 97-11250, 1998 WL 546513, at *1 (5th Cir. Aug. 12, 1998) ("[Petitioner's] challenge to the sufficiency of the evidence underlying his guilty plea does not rise to the level of a federal constitutional issue."); United States v. Silva, No. 97-10266, 1998 WL 29992, at *1 (5th Cir. Jan. 6, 1998) ("[Petitioner's] sufficiency-of-the-evidence challenge is also waived by his guilty plea."); Sokolowski v. Prince, Civ. Action No. 14-110, 2015 WL 631425, at *5 (E.D. La. Feb. 13, 2015). Simply put: "The Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2790, 61 L.Ed.2d 560 (1979), mandate that sufficient evidence exist from which a rational fact finder could find guilt beyond a reasonable doubt is inapplicable to convictions based on a guilty plea." Smith v. McCotter, 786 F.2d 697, 702-03 (5th Cir. 1986). Accordingly, petitioner's claims that the indictment was defective because he was charged with an offense unsupported by the circumstances and that there was insufficient evidence to support his manslaughter conviction were both waived by his guilty plea.

It is true that a limited exception to this general waiver does exist with respect to certain claims of ineffective assistance of counsel. Specifically, as the United States Fifth Circuit Court of Appeals has explained: "[O]nce a guilty plea has been entered, all nonjurisdictional defects

in the proceedings against a defendant are waived. This includes all claims of ineffective assistance of counsel, *except* insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983). Here, however, petitioner's ineffective assistance claim is based only on an allegation that counsel's failure to challenge the indictment put petitioner at a *tactical disadvantage*, in that he might have been able to secure an even more favorable plea bargain if the charge against him had been manslaughter rather than second degree murder. Because petitioner in no way argues that the failure to challenge the indictment rendered his plea *involuntary*,[14] his ineffective assistance of counsel claim was likewise waived by his guilty plea.[15]

---

[14] Petitioner has made no attempt whatsoever to show that his plea was involuntary in any respect. Moreover, in the "Acknowledgment and Waiver of Constitutional Rights - Guilty Plea" form signed by petitioner, his counsel, and the judge, petitioner acknowledged that he had "not in any way been forced, coerced or threatened to enter this guilty plea," had been advised of the sentence he would receive in exchange for his plea, and understood "all possible legal consequences of pleading guilty." State Rec., Vol. I of II, guilty plea form.

[15] Nevertheless, out an abundance of caution, the undersigned notes that petitioner's underlying ineffective assistance of counsel claim is meritless in any event. In the instant case, the victim was shot during an incident of "road rage." Petitioner argues that "road rage," by its very nature, involves a killing committed "in sudden passion or heat of blood," and so such killings qualify as nothing more than manslaughter. See La. Rev. Stat. Ann. § 14:31(A)(1) ("Manslaughter is ... [a] homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self-control and cool reflection."). Therefore, he opines that his counsel was ineffective for failing to challenge the indictment on the ground that the circumstances of the crime would not support the charge of second degree murder. This argument fails for the following reasons.
    First, the mechanism for a defense challenge to an indictment is a motion to quash, and the argument petitioner suggests simply is not one of the grounds on which an indictment can be quashed. La. Code Crim P. art. 532; see State v. Rembert, 312 So.2d 282, 284 (La. 1975) ("The motion to quash is essentially a mechanism by which to raise pre-trial pleas of defense, *those which do not go to the merits of the charge*. ... [T]he question of factual guilt or innocence of the

For the foregoing reasons, the state courts correctly determined that petitioner waived his first three claims by entering a plea of guilty; therefore, this Court should likewise deny those claims.

## Excessive Sentence

Petitioner's fourth and final claim is that his sentence is excessive. The state argues that this claim is procedurally barred. With respect to that defense, the United States Fifth Circuit Court of Appeals has explained:

> A claim that a state has withheld a federal right from a person in its custody may not be reviewed by a federal court if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision. To satisfy the "independent" and "adequate" requirements, the dismissal must "clearly and expressly" indicate that it rests on state grounds which bar relief, and the bar must be strictly or regularly followed by state courts, and applied to the majority of similar claims. This rule applies to state court judgments on both substantive and procedural grounds.

Finley v. Johnson, 243 F.3d 215, 218 (5th Cir. 2001) (citations omitted). Moreover, where a lower court has rejected a claim on procedural grounds, later opinions upholding that decision are

---

offense charged is not raised by the motion to quash." (emphasis added)); State v. Schmolke, 108 So.3d 296, 298-99 (La. App. 4th Cir. 2013) ("So long as the facts accepted as true can conceivably satisfy an essential element of the crime, the accused person can be compelled to stand trial for the charge. Essentially, the inquiry is whether any conceivable set of the facts as alleged in the bill of information together with those specified in the bill of particulars (when particulars have been provided) if found credible by the trier of fact can support a conviction." (citation and quotation marks omitted)).

Second, obviously, a perpetrator who kills a victim in an incident of "road rage" can validly be found guilty of second degree murder under Louisiana law. See, e.g., State v. Lloyd, 161 So.3d 879, 890-91 (La. App. 2nd Cir. 2015); State v. Plaisance, 745 So.2d 784, 786-88 (La. App. 2nd Cir. 1999).

presumed to rely on the same grounds if reasons are not assigned. Id. ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim are presumed to rest upon the same ground.").

Here, there is no question that petitioner's excessive sentence claim was denied by the state courts on procedural grounds in the state post-conviction proceedings. In denying the claim, the state district court cited La. Code Crim. P. art. 930.3 and State ex rel. Melinie v. State, 665 So.2d 1172 (La. 1996).[16] Both of those citations concern procedural matters. Specifically, article 930.3 limits the grounds on which a prisoner may seek post-conviction relief, while the Melinie decision held that article 930.3 does not allow post-conviction challenges to sentencing errors. Without additional reasons assigned, the claim was then likewise rejected by the Louisiana Fifth Circuit Court of Appeal[17] and the Louisiana Supreme Court.[18]

Federal courts have repeatedly held that the procedural rules invoked in this case, i.e. La. Code Crim. P. art. 930.3 and the Melinie decision, are "independent" and "adequate" state rules to support a procedural bar in federal court. See, e.g., Hull v. Stalder, No. 99-31199, 2000 WL 1598016 (5th Cir. Sept. 28, 2000); Davis v. Prince, Civ. Action No. 11-0172, 2011 WL 5878155, at *7 (E.D. La. Sept. 28, 2011), adopted, 2011 WL 5878152 (E.D. La. Nov. 23, 2011); Cotton v. Cooper, Civ. Action No. 11-0231, 2011 WL 5025311, at *7 (E.D. La. Sept. 14, 2011), adopted, 2011

---

[16] State Rec., Vol. I of II, Order dated January 6, 2014.

[17] Simmons v. Keith, No. 14-KH-288 (La. App. 5th Cir. May 28, 2014); State Rec., Vol. I of II.

[18] State ex rel. Simmons v. State, No. 2014-KH-1333, 2015 WL 3421606 (La. May 15, 2015); State Rec., Vol. I of II.

WL 5025295 (E.D. La. Oct. 21, 2011); Taylor v. Cain, Civ. Action No. 07-3929, 2008 WL 4186883, at *16 (E.D. La. Sept. 10, 2008); Williams v. Cain, Civ. Action No. 05-0710, 2008 WL 3363562, at *8 (E.D. La. Aug. 8, 2008); Madina v. Cain, Civ. Action No. 05-2126, 2006 WL 2726506, at *3 (E.D. La. Sept. 20, 2006); Johnson v. Andrews, Civ. Action No. 05-0413, 2006 WL 2294864, at *4 (E.D. La. Aug.4, 2006); Williams v. Miller, Civ. Action No. 05-0086, 2006 WL 2087867, at *9 (E.D. La. July 24, 2006); Dedmond v. Cain, Civ. Action No. 03-3375, 2005 WL 1578086, at *8 (E.D. La. June 30, 2005); Leonard v. Hubert, Civ. Action No. 00-0511, 2001 WL 333123, at *7 (E.D. La. Apr. 4, 2001).

Where, as here, the procedural rules invoked by the state courts are "independent" and "adequate," "federal habeas review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice." Hughes v. Johnson, 191 F.3d 607, 614 (5th Cir. 1999). In the instant case, petitioner demonstrates neither.

"To establish cause for a procedural default, there must be something *external* to the petitioner, something that cannot fairly be attributed to him." Johnson v. Puckett, 176 F.3d 809, 816 (5th Cir. 1999) (quotation marks omitted). Here, petitioner makes no attempt to establish cause for the procedural default. "Absent a showing of cause, it is not necessary for the court to consider whether there is actual prejudice." Martin v. Maxey, 98 F.3d 844, 849 (5th Cir. 1996).

Because petitioner has not met the "cause and prejudice" test, this Court need consider his claim only if the application of the procedural bar would result in a "fundamental miscarriage of justice." That exception is a limited one which exists only if a petitioner makes a

colorable showing that he is "actually innocent." See Bagwell v. Dretke, 372 F.3d 748, 757 (5th Cir. 2004); Lucas v. Johnson, 132 F.3d 1069, 1077 (5th Cir. 1998). Further, it is unclear whether the exception even applies *at all* to cases, such as this one, in which the defaulted claim relates merely to an alleged sentencing error in a noncapital proceeding.

In Haley v. Cockrell, 306 F.3d 257 (5th Cir. 2002), the United States Fifth Circuit Court of Appeals, after noting that a split exists among the circuits on that issue, held that the "actual innocence" exception is available to petitioners in noncapital proceedings who claim they were erroneously sentenced. Id. at 265-66. The Haley court further held that, when barred claims dealt with such alleged sentencing errors, the "actual innocence" requirement is met only when the petitioner shows that "he would have not been legally eligible for the sentence he received." Id. at 264. However, the Supreme Court subsequently vacated the Haley decision on other grounds and remanded the case to the Fifth Circuit. Dretke v. Haley, 541 U.S. 386 (2004). In so doing, the Supreme Court expressly declined to answer the question of whether the "actual innocence" exception applies to noncapital sentencing errors. Id. at 393-94.

This Court does not attempt to answer the question left open by the Supreme Court. Nevertheless, *even if* the "actual innocence" exception is applicable to defaulted claims regarding noncapital sentencing errors, petitioner would not fall within the exception. Having pleaded guilty to manslaughter, he was "legally eligible" for the forty-year sentence he received. La. Rev. Stat. Ann. § 14:31(B) ("Whoever commits manslaughter shall be imprisoned at hard labor for not more than forty years.").

Accordingly, for all of the foregoing reasons, the undersigned finds that petitioner's excessive sentence claim is procedurally barred from federal review.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Kentell Simmons be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[19]

New Orleans, Louisiana, this twenty-eighth day of August, 2015.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[19] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.